**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHAWN BRANTLEY,

       Plaintiff,

vs.                                                           Case No.  3:23-cv-1127-MMH-MCR

CSX TRANSPORTATION, INC.,

       Defendant.

                               /

# O R D E R

     **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff initiated the instant action on September 25, 2023, by filing a one-count Complaint.  <u>See</u> Complaint and Demand for Jury Trial (Doc. 1).  Upon review, the Court finds that the Complaint is due to be stricken as it is unsigned.  <u>See</u> Complaint at 9; <u>see</u> <u>also</u> Fed.R.Civ.P. 11(a).  In addition, the Court notes that the Complaint does not comply with the typography requirements set forth in the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)).  <u>See</u> Local Rule 1.08(a)-(b).  Accordingly, the Court will strike the Complaint and direct counsel to file a corrected complaint in compliance with these Rules.

In doing so, Plaintiff should also review the Complaint to ensure that it is not an impermissible "shotgun pleading." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015). In Weiland, the Eleventh Circuit identified four types of "shotgun" pleadings. See id. at 1321–23. As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

Here, the Complaint begins with a "Summary of the Action" asserting that Defendant engaged in "discriminatory and retaliatory harassment, racial slurs, disparate treatment, and sexually harassing comments" toward Plaintiff. See Complaint at 1. However, the Complaint contains only one count titled "Race Discrimination in Violation of Title VII and FCRA." See Complaint at 6. To the extent this sole count is meant to encompass distinct causes of action

such as disparate treatment, hostile work environment, or retaliation, this is improper. Those claims must be set forth in separate counts. Indeed, in closely analogous circumstances, the Eleventh Circuit has found this manner of pleading to be improper. See Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint contained only two counts—disability discrimination and retaliation). If Plaintiff intends to assert retaliation or hostile work environment claims, he must set forth those claims in separate counts and identify the specific factual allegations on which each claim is based. See Palmer, 418 F. App'x at 899–90 (finding that the mere use of the words "harassed" and "hostile" in a discrimination claim "neither stated a plausible claim for relief nor provided [defendant] with sufficient notice to defend against a harassment or hostile work environment claim"); see also Anderson, 77 F.3d at 367 n.5 (noting that when faced with a shotgun pleading the district court should sua sponte strike the pleading and direct the plaintiff to file a more definite statement). Accordingly, it is

**ORDERED:**

1.   The Complaint and Demand for Jury Trial (Doc. 1) is **STRICKEN**.

2.     Plaintiff shall file a corrected complaint[1] consistent with the directives of this Order on or before **October 11, 2023**.  Failure to do so may result in a dismissal of this action.

3.     Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on October 2, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Rule 15(a)(1).