UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAWN BRANTLEY,

    Plaintiff,

vs.                                      Case No. 3:23-cv-1127-MMH-MCR

CSX TRANSPORTATION, INC.,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on September 25, 2023, by filing a one-count Complaint. See Complaint and Demand for Jury Trial (Doc. 1). Upon review, the Court found that the Complaint was unsigned and failed to comply with the typography requirements set forth in the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). See Order (Doc. 5) at 1, entered October 2, 2023. As such, the Court struck the Complaint and directed counsel to file a corrected complaint. Id. In addition, the Court instructed counsel to review the Complaint to ensure that it is not an impermissible "shotgun pleading" within the meaning of Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015). See Order at 2. On October 12, 2023, Plaintiff filed an Amended Complaint and Demand for Jury Trial (Doc. 6). Upon review,

the Court finds that while the initial Complaint was a borderline shotgun pleading, the Amended Complaint is an egregious one. Moreover, the Amended Complaint again fails to comply with the Court's typography requirements.[1] Accordingly, the Court will strike the Amended Complaint and provide counsel with one final opportunity to file an appropriate pleading.

As previously explained, in Weiland, the Eleventh Circuit identified four types of "shotgun" pleadings. See Weiland, 792 F.3d at 1321–23; see also Order at 2. In the October 2, 2023 Order, the Court discussed one such type of improper pleading where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1322–23 n.13 (collecting cases). The Court explained:

> Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

See Order at 2. As such, the Court instructed that "distinct causes of action such as disparate treatment, hostile work environment, or retaliation" must be

---

[1] Counsel appears to be using Times New Roman 12-point font. However, pursuant to Local Rule 1.08(b), Times New Roman font may be used "if the main text is at least 14-point . . . ." As such, the Amended Complaint remains non-compliant.

"set forth in separate counts." Id. at 2-3 (citing Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011)).

Although the Amended Complaint now contains fifteen separate counts, upon review of those counts, Plaintiff still appears to use a shotgun manner of pleading such that the Court cannot determine the factual basis of each claim. For example, Count III is titled "Race Discrimination—Title VII," yet the body of the Count discusses retaliation. See Amended Complaint ¶ 68. Indeed, Count III appears to be indistinguishable from the "Race Retaliation- Title VII" claim in Count IV. See id. ¶¶ 67-72. As another example, Counts I, VII and VIII are labeled "Race Discrimination," "Race Discrimination (Disparate Treatment)" and "Race Discrimination (Hostile Work Environment)" respectively, all under 42 U.S.C. § 1981. However, while Count VII is labeled disparate treatment, it includes form language about a "discriminatory, hostile and offensive environment . . . ." See id. ¶ 104. If this Count is intended to assert a claim premised on a hostile work environment, then it is unclear how it is distinct from the expressly labeled § 1981 hostile work environment claim in Count VIII. But, if it is intended to be a disparate treatment claim, it is unclear how it is distinct from the "Race Discrimination" claim in Count I. Likewise, Count IX is also designated a disparate treatment claim but includes

the same form language about a "discriminatory, hostile and offensive environment . . . ." See id. ¶¶ 130-31.[2]

Significantly, these problems are compounded because of the indiscriminate manner in which Plaintiff's counsel reincorporates the prior allegations. Indeed, another type of shotgun pleading occurs where the complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321 & n.11 (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Counts II-XV of the Amended Complaint incorporate by reference all allegations of all the preceding counts. See Amended Complaint ¶¶ 64, 67, 70, 73, 79, 96, 110, 122, 141, 158, 181, 197, 200, 220.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997);

---

[2] These examples are not intended to be a comprehensive list of the pleading problems with the Amended Complaint.

see also Cook v. Randolph County, Ga., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will strike the Amended Complaint and direct Plaintiff to file a second amended complaint consistent with the requirements of this Order. Plaintiff is cautioned that failure to correct these

deficiencies will likely result in the dismissal of this lawsuit without further opportunities to amend.  See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018).

**ORDERED:**

1. The Amended Complaint and Demand for Jury Trial (Doc. 6) is **STRICKEN**.

2. Plaintiff shall file a second amended complaint consistent with the directives of this Order on or before **November 6, 2023**.  Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the second amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on October 23, 2023.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

- 6 -